J-S25043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| FREDERICK DEMON DEAN | : | |
| Appellant | : | No. 1904 WDA 2017 |

Appeal from the PCRA Order October 11, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0003379-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| FREDERICK DEMON DEAN | : | |
| Appellant | : | No. 37 WDA 2018 |

Appeal from the PCRA Order November 9, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0003379-2014

BEFORE:  GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 29, 2018**

Frederick Damon Dean appeals, *pro se*, from the order entered November 9, 2017, dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-

9546.[1] Dean seeks relief from the judgment of sentence of an aggregate term of 81 to 168 months' imprisonment, imposed August 17, 2015, following his jury conviction of drug and gun charges. On appeal, he raises several claims asserting the ineffective assistance of trial and direct appeal counsel, as well as a challenge to the sufficiency of the evidence supporting his convictions. For the reasons below, we affirm.

The facts underlying Dean's conviction were summarized, as follows, by a panel of this Court in the memorandum decision affirming his judgment of sentence on direct appeal:

> The record reflects that shortly before 9:00 p.m. on August 26, 2014, SWAT officers on a vehicle patrol detail observed [Dean] walking northbound on a sidewalk in the 1100 block of Wayne Street in Erie. The sidewalk runs alongside the parking lot of TJ's bar. The officers observed [Dean] walking toward a house located next to that parking lot. Immediately after the patrol vehicle passed [Dean], officers heard a gunshot coming from the direction where they had just observed [Dean]. No other individuals were in the area. The officers stopped the cruiser, exited, and began

_____

[1] We note the appeal at Docket No. 1904 EDA 2017 was filed from the order entered October 11, 2017, notifying Dean of the trial court's intention to dismiss his PCRA petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. That order was not a final order for purposes of appeal. *See* Pa.R.Crim.P. 907(1) (explaining that after Rule 907 notice is given, and the petitioner is provided the opportunity to respond, "[t]he judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue."). Because Dean preserved his appellate rights by filing a notice of appeal from the subsequent order entered on November 9, 2017, denying relief (Docket No. 37 WDA 2018), we quash the appeal at Docket No. 1904 WDA 2017 as premature and interlocutory.

looking for [Dean]. The officers then found a gun in the backyard of the house that they observed [Dean] walking toward. A grass strip measuring approximately 10 to 15 feet separates the parking lot of TJ's bar from that particular house.

The officers then went into TJ's bar to look for [Dean]. The bartender told the officers that [Dean] was in the back of the kitchen hiding in a closet. The officers found [Dean] sitting in a utility closet. The utility closet contained a sink. [Dean] was completely wet. Officers instructed [Dean] to show them his hands. [Dean] refused and began kicking the officers. [Dean] was tased and then taken into custody. During this incident, [Dean], without provocation, stated, "I wasn't shooting at you guys. If this goes away[,] I'll give you whatever you want. I know several drug dealers from Detroit."

Surveillance footage corroborated law enforcement's version of events. It also revealed that [Dean]was wearing a hat when police officers initially observed him prior to the shot being fired. When he entered TJ's bar, however, [Dean] was no longer wearing the hat. Surveillance footage established that prior to entering TJ's bar, [Dean] walked into the area where the gun was found and made a "throwing motion" over a 6–foot stockade fence. Officers subsequently recovered the hat on the ground on the other side of the stockade fence from where officers observed [Dean] making the "throwing motion." A baggie of heroin was tucked inside the hat.

*Commonwealth v. Dean*, 159 A.3d 590, ____ [2016 WL 6805459, at *1] (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 169 A.3d 559 (Pa. 2017).

Dean was subsequently arrested and charged with two counts of attempted aggravated assault and recklessly endangering another person ("REAP"), and one count each of persons not to possess firearms, carrying a firearm without a license, resisting arrest, possession of an instrument of crime ("PIC"), possession of controlled substances, and possession of drug

paraphernalia.[2] His case proceeded to a jury trial, and on June 17, 2015, he was acquitted of the attempted aggravated assault and REAP charges, but convicted of the remaining offenses. Dean filed a *pro se* post-verdict motion while he was still represented by counsel, which the court did not consider. On August 17, 2015, Dean was sentenced to a term of 60 to 120 months' imprisonment for persons not to possess firearms, a consecutive term of 12 to 24 months' imprisonment for possession of controlled substances, and a consecutive term of nine to 24 months' imprisonment for resisting arrest. The court imposed concurrent sentences on the remaining charges.

Thereafter, Dean filed a *pro se* post-sentence motion on August 28, 2015, a waiver of counsel on August 31, 2015, and a *pro se* notice of appeal on September 10, 2015. On March 18, 2016, upon Dean's request for the appointment of counsel, this Court remanded the appeal for a determination of whether trial counsel abandoned Dean on appeal, and, if so, for the appointment of new counsel. Following a colloquy in the trial court, trial counsel was permitted to withdraw and new counsel was appointed. The only claim raised on direct appeal was a challenge to the sufficiency of the evidence supporting his firearms and PIC convictions. A panel of this Court affirmed, concluding the issue was waived because it was undeveloped in the appellate brief. **See Dean**, **supra**, 159 A.3d 590 [2016 WL 6805459 at *2]). However, Judge Jenkins filed a concurring statement, joined by Judge Lazarus, in which

---

[2] **See** 18 Pa.C.S. §§ 901/2702, 2705, 6105, 6106, 5102, and 907, and 35 P.S. §§ 780-113(a)(16) and (a)(32), respectively.

she found that even if the issue were not waived, Dean's sufficiency argument was meritless. *See id.* at \*2-\*3. As noted *supra*, the Pennsylvania Supreme Court later denied Dean's petition for allowance of appeal.

On August 2, 2017, Dean filed this timely PCRA petition, *pro se*. On August 28, 2017, the PCRA court conducted a *Grazier*[3] hearing because Dean indicated his desire to proceed without counsel. The next day, the court entered an order, concluding Dean's waiver of counsel was knowing and voluntary.[4] Thereafter, on October 11, 2017, the PCRA court issued notice of its intent to dismiss Dean's petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Dean filed three *pro se* responses to the court's Rule 907 notice. Nevertheless, on November 9, 2017, the PCRA court entered an order denying relief. This timely appeal followed.[5]

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error."

_____

[3] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

[4] We note the docket reveals the *Grazier* hearing was conducted *via* video conference, and our inquiry to the trial court revealed the proceedings were not transcribed. Dean indicated he did not want an attorney to represent him during the PCRA proceedings in his *pro se* petition, which prompted the *Grazier* hearing, and has not requested counsel in any of the subsequent *pro se* filings. *See* PCRA Petition, 8/2/2017, at 8.

[5] As noted *supra*, Dean filed a notice of appeal from both the October 11, 2017, Rule 907 notice, and the November 9, 2017, order denying relief. The PCRA court did not direct Dean to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). This Court consolidated the appeals *sua sponte* on January 22, 2018.

*Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Further, "a PCRA court may decline to hold a hearing on the petition if petitioner's claim is patently frivolous or lacks support from either the record or other evidence." *Commonwealth v. duPont*, 860 A.2d 525, 530 (Pa. Super. 2004) (citation omitted), *appeal denied*, 889 A.2d 87 (Pa. 2005), *cert. denied*, 547 U.S. 1129 (2006).

In order to obtain relief based upon an allegation of the ineffective assistance of counsel, a PCRA petitioner must demonstrate: "(1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him." *Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013). Moreover, we presume counsel provided effective assistance, and "place upon the appellant the burden of proving otherwise." *Id.*

Preliminarily, we note Dean's *pro se* brief contains a rambling and disjointed argument. We emphasize that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." *Commonwealth v. Lyons*, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (some citations omitted). "[A]ny layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." *Commonwealth v. Gray,* 608 A.2d 534, 550 (Pa. Super. 1992), *quoting* *Vann v.*

- 6 -

*Commonwealth Unemployment Compensation Bd. of Review*, 494 A.2d 1081, 1086 (Pa. 1985).  We cannot serve as Dean's counsel, and will not litigate claims for him.

Furthermore, we note that from the issues we can discern in Dean's brief, many of them were not included in his *pro se* PCRA petition.  "Claims not raised in the PCRA court are waived and cannot be raised for the first time on appeal to this Court." *Commonwealth v. Edmiston*, 851 A.2d 883, 889 (Pa. 2004).  Nevertheless, a petitioner may raise additional claims if he either (1) requests, and is granted, permission from the PCRA court to file an amended petition,[6] or (2) raises a claim asserting PCRA counsel's ineffectiveness in response to the PCRA court's notice of intent to dismiss pursuant to Pa.R.Crim.P. 907.  *See Commonwealth v. Rykard*, 55 A.3d 1177, 1186-1189 (Pa. Super. 2012) (petitioner may raise claim of PCRA counsel's ineffectiveness in response to court's Rule 907 notice), *appeal denied*, 64 A.3d 631 (Pa. 2013).  Here, Dean neither requested permission to amend his petition, nor raised claims asserting PCRA counsel's ineffectiveness. Accordingly, any issues not included in his *pro se* petition are waived, despite the fact he may have raised them in one of his three *pro se* responses to the court's Rule 907 notice.

_____

[6] *See* Pa.R.Crim.P. 905(A).

Consequently, the only claims preserved for appeal, which were also raised in Dean's *pro se* PCRA petition, are the following: (1) the evidence presented at trial was insufficient to support his convictions, and certain evidence presented by the Commonwealth was not credible;[7] (2) trial counsel was ineffective for failing to "use the surveillance and G.S.R. [gunshot residue] testimony" of his clothing;[8] and (3) direct appeal counsel was ineffective for failing to cite any pertinent authority in the appellate brief, thereby resulting in waiver of his sufficiency claim on appeal.[9]

Preliminarily, we note that allegations of error which have been either previously litigated or waived are not cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(3). Thus, to the extent Dean challenges the sufficiency of the evidence supporting his conviction, that issue was previously litigated (and rejected) on direct appeal. *See Dean*, *supra*, 159 A.3d 590. *See also Commonwealth v. Spotz*, 47 A.3d 63, 101 (Pa. 2012) (issue previously litigated is not cognizable under the PCRA). Furthermore, his claims

_____

[7] *See* Dean's Brief at 10-13 (no evidence Dean ever possessed a firearm; the "throwing motion" he made in the surveillance video "could have been a motion used to gain one[']s balance when running[;]" the officers' recovery of the firearm is not on the surveillance video; the gunshot discharge should have appeared as a flash on the surveillance video; the Commonwealth should have introduced the original recording of Dean's comments in the police cruiser); Motion for Post Conviction Collateral Relief, 8/2/2017, P.C.R.A. Attachment, at 1-5.

[8] Dean's Brief at 9; Motion for Post Conviction Collateral Relief, 8/2/2017, P.C.R.A. Attachment, at 1-5.

[9] *See id.*

concerning his interpretation of the video surveillance evidence - particularly the actions that he alleges can and cannot be seen on the video - implicates the weight of the evidence supporting his conviction. That claim should have been raised on direct appeal. Because it was not, the issue is now waived for our review. *See* 42 Pa.C.S. § 9543(a)(3).

The only allegation of trial counsel's ineffectiveness Dean preserved for appeal is his claim that counsel failed to "use the surveillance and G.S.R. testing of [his] clothing." Dean's Brief at 9. However, our review of the record reveals no support for his allegations that the video surveillance footage was edited, or that the police tested his clothing for gunshot residue. Accordingly, his bald allegations alone are insufficient to provide relief.

With regard to appellate counsel's stewardship, we agree with Dean's claim that counsel's failure to cite any authority in the appellate brief, resulting in waiver of this issue raised on appeal, was of arguable merit, and that counsel could have had no reasonable basis for his dereliction. *See Michaud*, *supra*. Nevertheless, Dean has failed to demonstrate the third prong of the ineffectiveness test, prejudice. Indeed, two of the three judges on direct appeal concluded that even if Dean's sufficiency claim were not waived, he would be entitled to no relief. *See Commonwealth v. Dean*, 159 A.3d 590, ____ [2016 WL 6805459, at *2-*3]. Judge Jenkins authored a Concurring Statement, joined by Judge Lazarus, in which she opined:

> [Dean] does not contest that the Commonwealth presented evidence to support each of his convictions, he only contests that the Commonwealth presented sufficient evidence of his identity

because the authorities did not conduct fingerprint or residue analysis on the gun or on [Dean] and the surveillance footage did not positively show him shooting the gun.

As the majority notes, the surveillance footage corroborated police officers' testimony that [Dean] was the perpetrator of the crimes he committed. Viewing this evidence in the light most favorable to the Commonwealth, there is sufficient evidence to enable the jury to find, beyond a reasonable doubt, that [Dean] committed the crimes for which he was convicted.

*Id.* at *3. Therefore, we find Dean's claim concerning direct appeal counsel's ineffectiveness fails.

Accordingly, Dean is entitled to no relief.

Order affirmed at Docket No. 37 WDA 2018. Appeal quashed at Docket No. 1904 WDA 2017. Petition for Judgment in Favor of Appellant denied.[10]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2018

---

[10] On April 27, 2018, Dean filed in this Court a petition seeking judgment in his favor based upon the Commonwealth's failure to file a timely appellee brief. *See* Petition for Judgment in Favor of Appellant, 4/27/2018. On February 27, 2018, this Court granted the Commonwealth's petition for extension of time, and directed it to file an appellee brief by April 2, 2018. On April 3, 2018, the Commonwealth filed a letter indicating it did not intend to file a brief. While this letter was untimely filed, the remedy for the Commonwealth's delay is not an entry of judgment in favor of Dean. Accordingly, we deny his petition.